UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RANDALL BUTLER | ) | No. 3:12-1219 |
| Plaintiff, | ) | |
| | ) | JURY DEMAND |
| vs. | ) | |
| | ) | Judge Todd Campbell |
| RYDER TRUCK RENTAL, LTD., GSA INTERNATIONAL, INC., and ROBERT MITCHELL | ) | Magistrate Griffin |
| Defendants. | ) | |

## INITIAL CASE MANAGEMENT ORDER # 1

A. **Jurisdiction and Venue**

Jurisdiction is based on 28 U.S.C. 1332, diversity of citizenship and amount in controversy, and is not disputed. Venue is proper in this court pursuant to 28 U.S.C. § 1391 and is not disputed.

B. **Parties' Theories of the Case**

A. Plaintiff's Theory of the Case

On October 4, 2012, at approximately 5:17 p.m., a collision occurred on I-65 South in Nashville, Davidson County, Tennessee, between a 2007 Tractor Trailer operated by Mitchell and owned by GSA and RTR, a 2006 Chevy Colorado operated by Mr. Butler and a 1998 Toyota 4 Runner operated by Lucia Garcia-Rosales.

The vehicle operated by Robert Mitchell moved into the travel lane of Lucia Garcia-Rosales causing her vehicle to strike Mr. Butler's vehicle.

Mr. Mitchell did not keep a proper look out, failed to maintain his proper lane of travel making an unsafe lane change and failed to exercise due care in violation of Sections 55-8-117, 55-10-205, 55-8-136; 55-10-105; 55-8-103; and violated one or more sections of the Federal Motor Carrier Safety Regulations ("FMCSR"), which can be found at 49 C.F.R. sections 301 to 399 either directly or as adopted by the Tennessee Department of Transportation Safety Rules and Regulations sections 1340-6-1-.20 pursuant to Sections 65-2-102 and 65-15-113 of the Tennessee of the Tennessee Code.

Mitchell was an employee or agent of GSA International, LTD., and Ryder Truck Rental, LT., and operating in the course and scope of his employment or agency when the collision occurred according to Tennessee Code sections 55-10-311 & -312 and under the FMCSRs at 49 C.F.R. section 390.5. The company defendants are responsible for the negligent acts and/or omissions of Defendant Robert Mitchell under what is known as <u>respondeat superior</u>, which makes an employer responsible for the negligence of its employees, under Tennessee statutory law (Sections 55-10-311 & -312), and under the FMCSRs at 49 C.F.R. section 390.5.Ryder Truck Rental, LT and GSA International, LTD., as employers of Mr. Mitchell are responsible for his negligent acts.

  B. <u>Theory of Defendants, Ryder Truck Rental, LT and GSA International, LTD and Robert Mitchell</u>

Driver Robert Mitchell is an employee of GSA International, LTD. He was not employed by, nor was he the representative or agent of Ryder Truck Rental, LT at the time of the

2

motor vehicle accident the subject of this litigation. Ryder Truck Rental, LT is the entity that holds the title to the tractor involved in this incident.

Ryder Truck Rental, LT will seek dismissal pursuant to 49 U.S.C. § 30106, also commonly referred to as the "Graves Amendment" as it was the owner / lessor of the vehicle. Ryder Truck Rental, LT had no other involvement, connection or affiliation with Robert Mitchell or GSA International, LTD.

The Defendants do not admit liability and categorically deny allegations in the complaint of fault on the part of GSA International, LTD, and Ryder Truck Rental, LT for negligent hiring, training, supervision or retention of Mitchell. The Defendants admit Mitchell changed lanes when the 4-Runner operated by Lucia Garcia-Rosales was apparently in the driver's "blind spot".

Discovery is not complete and accordingly the Defendants are unable to make any determinations with respect to the Plaintiff's alleged injuries.

C. <u>Target Trial Date</u>

The target trial date is April 1, 2014, and the expected length of trial is two days.

D. <u>Identification of Any Issues resolved or still in dispute</u>

The Plaintiff is still undergoing medical care and has not reached maximum medical improvement. The Defendants have admitted liability only to the extent of claims made for the lane change by the driver. The Unnamed Defendant Kentucky National Insurance has been dismissed without prejudice from this matter.

E.  <u>Motions to Amend the Pleadings</u>: Any motions to amend the pleadings must be filed on or before May 1, 2013. Any motions to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in delay in a delay in the disposition of the action by requiring an extension of the discovery deadline.

F.  <u>Dispositive Motions</u>: Briefs shall not exceed 25 pages for dispositive motions. All dispositive motions[1] shall be filed on or before September 30, 2013, and any response thereto shall be filed on or before October 30, 2013, or thirty (30) days after the filing of the motion, whichever is sooner.

G.  <u>Discovery and Pre-trial Matters</u>:

<u>Rule 26(a)(1) Disclosures</u>

The parties shall make their Federal Rule of Civil Procedure 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference. Discovery is not stayed during dispositive motions, unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences. The response time for all written discovery is thirty (30) days. All fact discovery shall be completed on or before August 16, 2013. All written discovery shall be submitted in sufficient time so that the responses shall be in hand on or before July 15, 2013. The depositions of

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty-five (25) pages. No reply shall be filed to any response unless invited by the Court.

the parties and fact witnesses shall be completed by August 16, 2013.

H. <u>Deadline for filing of discovery-related motions</u>: Discovery-related motions must be filed on or before August 23, 2013. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

I. <u>Deadline for Expert Disclosures and Expert Depositions:</u> On or before October 15, 2013, the Plaintiff shall declare to the Defendants (<u>not</u> file with the court) the identity of their expert witnesses and provide all the information specified in Federal Rule of Civil Procedure 26(a)(2)(B)-(C). On or before December 2, 2013, the Defendants shall declare to the Pla<u>intiff</u> (not file with the court) the identity of their expert witnesses and provide all the information specified in Federal Rule of Civil Procedure 26(a)(2)(B)-(C). The parties' expert depositions must be completed by Janaury 31, 2014.

K. <u>Meeting of Counsel and Parties to Discuss Settlement Prospects</u>

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting

is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternate Dispute Resolution (ADR) procedures under the Local Rules would further assist the parties in resolving this matter.

    It is so **ORDERED**.

Honorable Juliet Griffin
United States Magistrate Judge


APPROVED FOR ENTRY:

BART DURHAM INJURY & ACCIDENT LAW OFFICE

By: /s/ Blair Durham
    BLAIR DURHAM, BPR # 21453
    AARON WOODARD, BPR # 24807
    H. ANTHONY DUNCAN, BPR #20056
    1712 Parkway Towers
    404 James Robertson Parkway
    Nashville, Tennessee 37219
    (615) 242-9000
    Attorneys for Plaintiff


By: /s/ WARREN SMITH
Warren M. Smith, BPR #10622
Smith & Tomkins
214 Second Avenue North, Suite 100
Nashville, TN 37201